UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


IN RE CELEXA AND LEXAPRO          )          MDL DOCKET NO. 1736
PRODUCTS LIABILITY LITIGATION     )               ALL CASES


## MEMORANDUM AND ORDER

Before me now is a motion to consolidate the newly-filed putative class

action, Universal Care, Inc., et al. v. Forest Laboratories, Inc., et al., Cause

Number 4:09CV451 SNLJ, with this MDL.  Plaintiffs seek consolidation, but

defendants oppose it.  The motion will be denied for the reasons that follow.

The MDL is currently comprised of 42 cases brought by individual

plaintiffs alleging that ingestion of Lexapro or Celexa caused or induced a suicide

or suicide attempt.  On February 16, 2006, the Judicial Panel on Multidistrict

Litigation (JPML) issued its initial Transfer Order establishing In re: Celexa and

Lexapro Products Liability Litigation, MDL Docket No. 1736, in this Court.  The

MDL was created because the JPML found that the actions involved "common

questions of fact" and that centralization would "promote the just and efficient

conduct of this litigation."  The JPML noted that "the actions share allegations

relating to the safety of Celexa or Lexapro and the adequacy of Forest's warnings

concerning the possible adverse effects of using the drugs, in particular, the

potential for each product to induce its users to commit, or attempt to commit, suicide."

This MDL only involves the issues of whether the drugs create a risk of suicidality and whether defendants failed to provide adequate warnings regarding the alleged risk of suicidality. Both this Court and the JPML have construed the scope of this MDL narrowly to include only cases involving suicidality. The JPML recently declined to transfer two personal-injury cases to the MDL because they involved injuries other than suicide, and I recently suggested the remand of another personal injury case that did not involve suicidality. Only damages for personal injuries arising from suicidality are involved in this MDL. There are no putative class actions in this MDL, so there has been no discovery on class issues. The MDL has proceeded for three years through various pre-trial rulings and discovery, which has included production of countless documents and over 40 depositions.

On February 25, 2009, the United States Attorney's Office for the District of Massachusetts announced, as intervenor in two previously sealed qui tam actions, that a civil complaint had been filed against Forest asserting allegations relating to Forest's marketing of Celexa and Lexapro. This Court is aware that at least two nationwide class actions have now been filed, making factual allegations

similar to those alleged by the government.  In response to the announcement and the lawsuits, on April 17, 2009 Forest filed a motion with the JPML to create a separate MDL for these putative class actions.

One of the putative class actions is the Universal Care case, currently pending in this district before the Honorable Stephen N. Limbaugh, Jr.  Plaintiffs in the Universal Care case seek to recover economic damages arising from violations of the Missouri Merchandising Practices Act and for unjust enrichment, fraud, fraudulent concealment, and misrepresentation.  They assert claims on behalf of themselves and a nationwide class of all entities and consumers that "purchased, reimbursed and/or paid for Celexa or Lexapro, during the period from 1998, through the present" for use by a minor.  They allege that Forest engaged in improper promotional activities, causing third-party payors to reimburse patients and health care institutions for prescriptions of Lexapro and Celexa that were written for patients for whom they were not indicated.  The Universal Care case also includes allegations regarding the propriety of class treatment and the adequacy of class representatives.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides as follows:

When actions involving a common question of law or fact are

> pending before the court, it may order a joint hearing or trial of any
> or all of the matters in issue in the actions; it may order all the actions
> consolidated; and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation. See

Enterprise Bank v. Saettle, 21 F.3d 233, 235 (8th Cir. 1994). The threshold issue

is whether the proceedings involve a common party and common issues of fact or

law. Id. Consolidation is inappropriate if it causes confusion or leads to delay,

inefficiency, inconvenience, or unfair prejudice to a party. EEOC v. HBE Corp.,

135 F.3d 543, 551 (8th Cir. 1998).

Here, plaintiffs have not demonstrated that consolidation is appropriate.

First, common issues of fact and law do not exist. The class-action representatives

in the Universal Care case do not allege personal injury and seek only economic

damages.[1] They do not seek damages for suicidality, which is the issue before me

in the MDL. As stated above, this MDL involves the causation of suicidality and

the adequacy of Forest's warnings about suicidality, not any other alleged risks,

side effects or economic damages caused from the use of Celexa or Lexapro.

Moreover, the cases pending in the MDL are personal-injury actions that are

---

[1]The prayer for relief seeks "refund and reimbursement of all monies for purchase of
Celexa and Lexapro for pediatric use and disgorgement of all moneys acquired by means of the
practices [alleged in the complaint] and through the sales of Celexa and Lexapro for pediatric use
to Plaintiffs and members of the proposed Class and/or Subclasses," interest, attorney's fees, and
costs.

concerned with individual plaintiffs. None of the cases involve putative class actions, unlike the Universal Care case. There will likely be extensive discovery and motion practice relating to appropriateness of class-wide treatment and the adequacy of the class representatives, issues which are not presently before me in this MDL. These issues could significantly delay the progress of the MDL proceedings, prejudicing both the MDL plaintiffs and Forest. Given that this case is already three years old and significant pretrial proceedings have already taken place, the interests of judicial economy are hindered, not served, by consolidation. Finally, Forest has filed a motion with the JPML to create a new, separate MDL for the third-party class action claims, including the Universal Care case. If the putative class actions would indeed benefit from coordinated proceedings, then the Universal Care plaintiffs should express their consent to the establishment of a new MDL to the JPML. These plaintiffs do not, however, belong in this one. In my discretion, I am denying consolidation.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to consolidate <u>Universal Care, Inc., et al. v. Forest Laboratories, Inc.</u>, et al., Cause Number 4:09CV451 SNLJ, [#400] with this case is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2009.