UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE CELEXA AND LEXAPRO        )         MDL DOCKET NO. 1736
PRODUCTS LIABILITY LITIGATION   )              ALL CASES

# MEMORANDUM AND ORDER

This matter is before me on defendant's motion for a telephone conference #[639] to discuss Mr. Solomon's upcoming deposition set for December 20, 2012. Because Mr. Solomon's deposition was the subject of a prior motion, I am familiar with the issues and do not find it necessary or expedient to set a telephone conference or briefing schedule to address this issue. As I previously stated, Mr. Solomon's deposition is presumptively limited to two hours, with the understanding that additional issues raised during the deposition may make it necessary to extend the deposition beyond the two-hour time limit. Given the age of this case, the amount of documents previously produced, and the short duration of Mr. Solomon's deposition, I do find it reasonable for the plaintiffs to identify in advance of the deposition the documents they expect to question Mr. Solomon about in the deposition. However, plaintiffs are not limited solely to these documents and may question Mr. Solomon about additional documents depending upon the nature and scope of his testimony. Finally, as I previously made clear, Mr. Solomon's

deposition is <u>not</u> limited solely to the letter that was the previous subject of the motion to quash.  Although the letter will probably be the focus of the questioning, I will not prohibit plaintiffs from asking additional, attendant questions depending, again, upon the nature and scope of his testimony.

    This is not hard, and frankly I am troubled that this issue has been the subject of so much motion practice.  I expect the attorneys to behave professionally and in accordance with the letter and the spirit of this Order and my prior rulings.  To date, I have been uniformly impressed by the manner with which counsel have been able to resolve their disputes without Court intervention.  I hope this does not signal an unwelcome change in this case.  And for those plaintiffs' attorneys who have recently become more active in this case, I do not approve of — and will not reward — unreasonable, strong-arm tactics deployed in a blatant attempt to coerce settlement from the defendants.  Although I am prepared to become more involved with the management of this case, I doubt either side will be happy with the results.

    Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for teleconference #[639] is denied as moot, and Mr. Solomon's deposition will take place in accordance with this Memorandum and Order and my prior rulings on this issue.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this __12th__ day of December, 2012.