UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE CELEXA AND LEXAPRO ) MDL DOCKET NO. 1736
PRODUCTS LIABILITY LITIGATION ) ALL CASES

### MEMORANDUM AND ORDER

For the third time, I am being asked to rule on Mr. Solomon's deposition. The last time I visited this issue, Mr. Solomon's deposition had yet to take place but defense counsel was seeking to identify the documents to be used in advance of the deposition given its presumptively short duration and the nature and scope of this case. I granted defendant's request, with the primary caveats that the parties should behave professionally and that the deposition was not strictly limited in timing, scope, or inquiry.

Mr. Solomon's deposition has now been taken, and it appears that one of the plaintiff's attorneys, Andy Vickery (the deposing attorney), is unhappy with the results. So unhappy, in fact, that he has filed a motion for sanctions against defendants seeking, among other things, that I "order that the May 2000 article from the New York Magazine be admitted at the trial of any case on remand from this MDL, and that Forest and its counsel be precluded from arguing that this article is hearsay or otherwise unreliable." Mr. Vickery complains that Mr. Solomon apparently was not shown the produced documents in advance of the deposition, and that he took too much time reading the documents during the deposition. Mr. Vickery also apparently believes that Mr. Solomon should not be permitted to say "I don't know" or "I can't recall" in response to any question because these documents were identified in advance of the deposition.

I have read the transcript of the deposition, and I will assume Mr. Vickery's

representations about the length of time Mr. Solomon took to review documents is accurate. Because I am (overly) familiar with the issues involving this deposition, I need not set a teleconference or wait for a written response before denying the motion for sanctions. Mr. Solomon is a fact witness. He is not a Rule 30(b)(6) witness, so he is not required to prepare for the deposition or to provide information on certain topics of discussion. He is also not a defendant, so the fact that he has not reviewed any of the complaints in this case or has no understanding of the allegations brought in them is not -- Mr. Vickery's suggestion otherwise -- a basis for sanctions. As I have repeatedly explained with respect to this witness, Mr. Vickery is stuck with the answers he gets. That he does not like the answers does not mean that they are sanctionable.

       This motion might have some traction if it appeared that Mr. Solomon was taking a long time reviewing documents to avoid answering questions, or if Mr. Vickery sought to extend the deposition beyond the time limit (which I stated before was permissible, and certainly would have been so in this circumstance) but Mr. Solomon refused to answer any more questions after the two-hour time limit expired. Yet this did not happen. Mr. Vickery chose to conclude the deposition in less than two hours, and he refused to give the witness requested time to re-review certain documents in order to answer his questions. Did Mr. Thomas object vociferously? Yes, but in those few circumstances in which he did not permit his client to answer, the objections were well-founded. Mr. Solomon's personal opinions about his son are irrelevant to the issues in this case, and Mr. Vickery's extensive questioning on this topic (as opposed to the relevant ones)

bordered on harassing.[1]  On this record, I can find no basis to sanction defendants or order that Mr. Solomon be redeposed.  In fact, in reviewing the transcript, I am at a loss to understand why plaintiffs would even seek this relief.  They have defendant's CEO on videotape claiming not to remember the first thing about these letters he openly praises and admits to writing or his company's guilty plea in a related criminal matter.  It seems to me that Mr. Vickery's arguments about the credibility of Mr. Solomon's testimony are best saved for a jury.  They are not, however, an appropriate basis upon which to sanction defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for sanctions [#643] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2013.

---

[1] Note that I said "bordered on" and not actually harassing, so defendant should not file its own motion for sanctions on this topic, either.